HENRY C. JOHNSON, PLAINTIFF IN ERROR, V. JERUSHA A. ELLIS, DEFENDANT IN ERROR.

1. **Pleading:** STATING CAUSE OF ACTION. In a petition for goods, wares, and merchandise sold and delivered, the items, in stating the account in the following words: "To insurance, $6," "To balance on oats, check, $6.30," without explanation, *Held*, Not sufficient to constitute a cause of action.

2. **Verdict.** Upon the whole case, *Held*, That the verdict of the jury is not sufficiently unjust or unsupported by the evidence to justify a reversal of the judgment.

ERROR to the district court for Fillmore county. Heard below before MORRIS, J.

*J. W. Eller*, for plaintiff in error.

*John P. Maule*, for defendant in error.

COBB, CH. J.

There are but two errors assigned in this case, to-wit:

"1.    The court erred in admitting in evidence the books of account of defendant.

"2.    The court erred in overruling the motion for a new trial, on the ground that the verdict of the jury is not sustained by the evidence and is contrary to law."

Upon an examination of the pleadings and bill of exceptions it is quite apparent that the controversy turns

upon the question whether the price of wind-mill, tower, etc., furnished by Johnson to the Ellises was included in the settlement of December 1, 1881, or not. There is testimony on both sides of this question, and I do not understand it to depend at all upon the account books. I do not understand that the books were or could be properly received in evidence for the purpose of proving a settlement, or of proving what was included in such settlement, if one was had. William Bosserman and J. K. Ellis, witnesses on the part of the defendant, testified to such settlement, and that the wind-mill, tower, etc., were included in it. The plaintiff, testifying in his own behalf, says that there was a settlement between the parties on the first day of December, 1881, but that neither the wind-mill, pump, or any account relative thereto were included in such settlement, and he gives a very good reason therefor, to-wit, that the account for the wind-mill, etc., was not due at that time. And still the jury must have believed that the price of the wind-mill, tower, etc., was included in the settlement, as testified to by the witnesses Ellis and Bosserman. And this was a question peculiarly for them. If this account was in fact included in the settlement, then it makes no difference whether it was due or not.

As to the two items of "Insurance, $6," and "Balance on oats, check, $6.30," while they were undoubtedly taken into consideration by the jury, neither of them as set out in the petition constituted a cause of action. The first was probably intended to mean money paid by the plaintiff as premiums on a policy of insurance for the benefit of the defendant, but the petition contains no such allegation. The last probably means a balance of oats stored with the defendant. But to hold her for such balance in an action for goods, wares, and merchandise sold and delivered, allegations of such storage, as well as a demand for the oats stored, as well as proof to that effect, and of demand and refusal, was necessary.

39

Upon the whole case there seems to have been a somewhat lengthy course of dealings between the parties, evidenced by complicated and scarcely intelligible accounts on the books of both sides. There had been one or two settlements between them, and a misunderstanding as to what was included in such settlements. These matters were brought before the court, and, we must presume, as no objection is made as to the charge or instructions of the court, fairly submitted to a jury, and it cannot be said of their verdict that it is sufficiently unjust or unsupported by evidence to warrant a reviewing court in setting it aside.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.